# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

2:06-CV-315-

~~3.06-CR-00315~~-BES-GWF

ROSIE ROMERO,

  Plaintiff,

vs.

EXEL; EXEL LOGISTICS; COLLEEN GALLAGHER; JOE MOGLIA; WAL-MART HEADQUARTERS; and LIBERTY MUTUAL,

  Defendants.

**ORDER**

Before the Court is Defendants Gallagher, Exel, and Exel Logistics Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) (#19), filed on April 24, 2006. Also before the Court is Defendants Riggio and Liberty Mutual Insurance Company's ("Liberty Mutual") Motion to Dismiss the Complaint of Rosie Romero (#20), filed on April 25, 2006, and Defendant Wal-Mart's Motion to Dismiss All Claims of Rosie Romero (#23). Plaintiff filed her Response (#29) to all three motions on May 25, 2006. Defendants Gallagher, Exel, and Exel Logistics filed their Reply to Response to Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) (#31) on June 7, 2006. Defendants Liberty Mutual and Riggio filed their Reply to Response to Motion to Dismiss the Complaint of Rosie Romero (#32) on June 8, 2006.

1    In addition to Defendants' motions to dismiss, also before the Court is Defendant
2    Wal-Mart's Motion to Dismiss for Lack of Prosecution (#36), filed on February 15, 2007,
3    and Defendants Exel, Exel Logistics, and Gallagher's Joinder to Defendant Wal-Mart
4    Stores, Inc.'s Motion to Dismiss all Claims of Rosie Romero Due to Failure to Prosecute
5    (#38), filed on February 16, 2007.  Plaintiff filed her Response to Motion to Dismiss for
6    Lack of Prosecution (#41) on March 5, 2007.  Defendant Wal-Mart filed its Reply to
7    Plaintiff's Filing of March 5, 2007 (#42) on March 14, 2007.  And Defendants Exel, Exel
8    Logistics, and Gallagher filed their Joinder to Defendant Wal-Mart Stores, Inc.'s Response
9    to Plaintiff's Filing of March 5, 2007 (#44) on March 19, 2007.  Also before the Court is
10   Plaintiff's Motion to Extend Time Regarding a Dispositive Matter (#40), filed on March 7,
11   2007.

12                               **I. BACKGROUND**

13   This case arises out of Plaintiff's workers compensation claim.  Sometime before
14   October 27, 2003, Plaintiff apparently sustained a back injury.  She began seeking
15   treatment at that time.  On March 5, 2004, Plaintiff's medical records show that her
16   physicians determined that the injury was work related.  That withstanding, her insurer
17   found that the injury was not the result of work and therefore refused to pay her claim.

18   On June 20, 2004, Plaintiff filed a request for a hearing regarding the denial of her
19   workers compensation claim by her insurer.  On July 27, 2004, the State of Nevada
20   Department of Administration Hearings Division (the "Division") found that Plaintiff had
21   failed to meet her burden to show that she had a compensable claim and thus affirmed the
22   insurer's determination.  On January 12, 2005, the Division issued a Conditional Order of
23   Dismissal, noting that Plaintiff's claim would be dismissed if she failed to respond.  Plaintiff
24   failed to respond, and her claim was dismissed on January 28, 2005.  On March 13, 2006,
25   Plaintiff filed this action, alleging violations of Title VII, the Americans with Disabilities Act
26   ("ADA"), 18 U.S.C. §§ 1981-1985, and the Fourteenth Amendment.

## II. LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In considering a motion under Rule 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from those allegations. LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 (9th Cir. 2000). Moreover, the allegations of the complaint must be construed in the light most favorable to the nonmoving party. Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). The court can grant the motion only if it is certain that the plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996). "However, conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." Associated General Contractors of America v. Metropolitan Water Dist. Of So. Calif., 159 F.3d 1178, 1181 (9th Cir. 1998). Where, as here, a plaintiff proceeds pro se, the allegations of the complaint are held to a less stringent standard than those drafted by a lawyer. Haines v. Kerner, 404 U.S. 519 (1972) (per curiam).

## III. ANALYSIS

### A. Title VII and the ADA

"A plaintiff must file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") as a prerequisite to maintaining any Americans with Disabilities Act or Title VII claim." Watson v. Las Vegas Valley Water Dist., 278 F.Supp.2d 1269, 1274 (D.Nev. 2005) (citing Santa Maria v. Pac. Bell, 202 F.3d 1170, 1176 (9th Cir. 2000). As such, a complainant must file a charge with the EEOC within 180 days of the last act of alleged discrimination; however, if the complainant institutes proceedings with a state or local agency, then the EEOC charge must be filed within 300 days. Id. (citing 42 U.S.C. § 2000e-5(e). An action based on discrimination is time barred if a timely

1   complaint is not filed.  National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109

2   (2002).

3        Defendants Excel, Gallagher, and Wal-Mart argue that Plaintiff's failure to file a

4   charge with the EEOC is fatal to her action.  (Exel & Gallagher Mot. Dismiss (#19) 4-6);

5   (Wal-Mart's Mot. Dismiss (#23) 1-2.) Plaintiff claims that contacting the EEOC would have

6   been futile because they do not investigate anything having to do with worker's

7   compensation issues.  (Reply (#29) 1.)

8        Here, there is no indication from the face of the Complaint that Plaintiff filed a

9   charge with the EEOC, (see Compl. (#3)); indeed, Plaintiff admits in her Reply that she did

10  not contact the EEOC, (Reply (#29) 1).  Assuming that the discriminatory act alleged

11  occurred most recently on the date of Plaintiff's termination–September 1, 2004, (Compl.

12  (#3) Sec. B, ¶ 1)–the time for filing a charge with the EEOC has passed.[1]  Thus, Plaintiff

13  has failed to exhaust her administrative remedies.

14       Plaintiff's failure to timely file a charge with the EEOC is not excused by her

15  contention that to do so would be futile–the EEOC clearly has jurisdiction over appeals of

16  employment decisions allegedly founded on race or disability based discrimination.  42

17  U.S.C.  §  2000e-5(e);  42  U.S.C.  §  12117(a).      Moreover,  Plaintiff's  apparent

18  misunderstanding as to the nature of the EEOC's jurisdiction cannot be grounds for tolling

19  the time periods described in section 42 U.S.C. 2000e-5(e).  See Raspberry v. Garcia, 448

20  F.3d 1150, 1154 (9th Cir. 2006) (citing United States v. Sosa, 364 F.3d 507, 512 (4th Cir.

21  2004) holding that "ignorance of the law alone is not sufficient to warrant equitable tolling."

22  Also citing Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) holding that "it is well

23  established that ignorance of the law, even for incarcerated pro se petitioner generally

24  does not excuse prompt filing.").  Thus, Plaintiff's Title VII and ADA claims are time barred

25  _____

26      [1]Roughly 18 months passed before Plaintiff filed her
    Complaint on March 23, 2006.  (See Compl. (#3).)

4

1   and must be dismissed with prejudice.

2   **B. Civil Rights Claims**

3       Plaintiff asserts claims under 42 U.S.C. §§ 1981-1985.  The Court will take up the

4   sufficiency of these claims in turn.

5   **1. 42 U.S.C. § 1981**

6       In relevant part, section 1981 states that "[a]ll persons . . . shall have the same right

7   in every State and Territory to make and enforce contracts, . . . and to the full and equal

8   benefit of all laws and proceedings for the security of persons and property as is enjoyed

9   by white citizens . . . ."

10      Section 1981 has been interpreted to afford a federal remedy against discrimination

11  in private employment on the basis of race.  Runyon v. McCrary, 427 U.S. 160, 168-172

12  (1976); Johnson v. Railway Exp. Agency, Inc., 421 U.S. 454, 459-460 (1975).  To establish

13  a violation a plaintiff must show intentional discrimination on account of race.  Lowe v. City

14  of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1986), as amended, 784 F.2d 1407 (9th Cir.

15  1986).  Overt acts coupled with racial slurs have been held to be sufficient to state a claim

16  under section 1981.  Evans v. McKay, 869 F.2d 1341, 1345 n.3 (9th Cir. 1989).

17      Defendants Liberty, Riggio, and Wal-Mart contend that Plaintiff's allegations of

18  conspiracy and racial discrimination are conclusory and irrelevant to her cause of action.

19  (Liberty & Riggio Mot. Dismiss (#20) 4); (Wal-Mart Mot. Dismiss (#23) 3.)  Plaintiff's only

20  response appears to lie in the attachment to her Reply of newspaper clippings regarding

21  various court cases.  (Reply (#29) 2-8).

22      In relevant part, Plaintiff's Complaint states:

23      Ms. Colleen Gallagher and the workmen [c]omp [sic] [i]nsurer Liberty Mutual
        conspired together to [d]eny me equal [l]evel [l]egal [p]laying [f]ield.  When

24      they question my [i]ntegrity in [r]eporting my on the [j]ob [i]njury in a timely
        manner 'Which I Did' on 3-5-04  My word has never been question, when

25      giving information to Las Vegas [p]olice or Walmart in Bentonville on
        [c]riminal [a]ctivity by employee thieves which to this day still goes on with the

26      arrest of a co-worker . . . for stealing over $50,000 worth of merchandise.
        (Compl. (#3) Sect. C, Count III.)

5

1   Plaintiff's Complaint further alleges:

2       In this suit I seek to restore my civil rights. That were taken away when
        Hearing Officer Mis Nora Garcia at the Department of Administration Hearing
3       Division 2200 South Rancho Drive suite 210 Las Vegas NV ruled in favor of
        Ms[.] Colleen Gallagher - [d]iscrimination against a [Hispanic who's word
4       [doesn't mean much at these [hearings] and a person with a [d]isability. Id.

5       Even construing Plaintiff's Complaint as liberally as possible, it is impossible for the

6   Court to conclude that Plaintiff has made a sufficient allegation of racial discrimination.

7   Though it is true that Plaintiff's Complaint alleges that Gallagher and Liberty "conspired

8   together to [d]eny me equal [l]evel [l]egal [p]laying [f]ield[ ]", she does not claim that the

9   motivation for the alleged conspiracy was race-based, and there is no indication from the

10  rest of the Complaint that Plaintiff intended to convey that basis of the conspiracy was

11  racial.  To the contrary, the bulk of the Complaint suggests that the alleged civil rights

12  violations have their roots in discrimination on account of her injury, not her race. (See

13  Compl. (#1)  In fact, the only allegation of race-based discrimination in Plaintiff's entire

14  Complaint is her assertion that the hearing officer, Nora Garcia, discriminated against her

15  because of her ethnic heritage in ruling in favor of Gallagher.  However, Garcia is not a

16  named defendant, and there is no indication that the alleged race-based discrimination was

17  linked to Plaintiff's conspiracy allegations.   Therefore, because Plaintiff makes no

18  allegations of race-based discrimination against any of the named defendants, Plaintiff's

19  section 1981 claims are dismissed.

20  **2. 42 U.S.C. § 1982**

21      Section 1982 states that "[a]ll citizens of the United States shall have the same right,

22  in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase,

23  lease, sell, hold, and convey real and personal property."

24      Defendants Liberty, Riggio, and Wal-Mart contend that Plaintiff claims under section

25  1982 fail because she makes no allegations of racial discrimination against them. (Liberty

26  & Riggio Mot. Dismiss (#20) 4-5); (Wal-Mart Mot. Dismiss (#23) 3.)

1    Here, Plaintiff's allegations center around claims of discrimination in her pursuit of

2  a worker's compensation claim.  There are no claims of discrimination with regard to the

3  purchase, lease, sale, hold, or conveyance of real or personal property.  As such, section

4  1982 is irrelevant to the instant action.  See Phiffer v. Proud Parrot Motor Hotel, Inc., 648

5  F.2d 548, 551 (9th Cir. 1980) (defining the prima facie elements of racial discrimination

6  under section 1982); Johnson v. Duval County Teachers Credit Union, 507 F.Supp. 307,

7  310  (D.C.Fla.  1980)  (holding  that  section  1982  does  not  apply  in  employment

8  discrimination cases); Evans v. Meadow Steel Products, Inc., 572 F.Supp. 250 (N.D.GA.

9  1983), on reconsideration, 579 F.Supp. 1391 (stating that section 1982 does not apply in

10  employment discrimination context).  Therefore, the Court finds that Plaintiff has failed to

11  state a claim with respect to all defendants under section 1982.

12  **3. 42 U.S.C. § 1983**

13    In relevant part, section 1983 states:

14    Every person who, under color of a statute, ordinance, regulation, custom,
     or usage, or and state or territory or the District of Columbia, subjects or
15    causes to be subjected, any citizen of the United States or other person
     within the jurisdiction thereof to the depravation of any rights, privileges, or
16    immunities secured by the Constitution and laws shall be liable to the party
     injured in an action at law, suit in equity, or other proper proceeding for
17    redress . . . .

18    Recovery under section 1983 requires that a plaintiff show that (1) he or she was

19  deprived of a right secured by the Constitution and laws of the United States, and (2) that

20  the defendant deprived him or her of that right under color of law.  Adickes v. S.H. Kress

21  & Co., 398 U.S. 144, 150 (1970).  A non-governmental entity is deemed to have acted

22  under color of law where it is a "willful participant in joint action with the State or its agents."

23  Dennis v. Sparks, 449 U.S. 24, 27 (1980); See also Tower v. Glover, 467 U.S. 914, 920

24  (1984).  Thus, where a private person conspires with a state official to deprive another of

25  federal rights, the private person may be said to have acted under color of law.  Id. at 27-

26  28.

7

1    In her Complaint, Plaintiff has named only private parties as defendants. (See

2  Compl. (#1) Sect. A.) Thus, her allegations can only survive a motion to dismiss under

3  12(b)(6) if she has sufficiently pled joint action between those private persons and a state

4  actor. Here, though, Plaintiff makes no claims of a conspiracy between any of the private

5  actors named as defendants and the only state actor who appears in the Complaint, Ms.

6  Garcia. See id. at Sect. C, Count III. Instead, Plaintiff alleges separately that Defendants

7  Liberty and Gallagher conspired together to deny her "equal [l]evel [l]egal [p]laying [f]ield"

8  at her worker's compensation hearing and that Ms. Garcia discriminated against her at that

9  same hearing. Id. There is no indication from the Complaint that Plaintiff meant to suggest

10 that the Liberty and Gallagher conspired together with Ms. Garcia to deprive her of her

11 rights protected by section 1983. Moreover, to draw such an inference from the allegations

12 as stated would be unwarranted. Thus, the Court finds that Plaintiff has failed to

13 sufficiently plead the "color of law" requirement of a section 1983 action. Plaintiff's section

14 1983 claims are therefore dismissed.

15 **4. 42 U.S.C. § 1985**

16    To properly allege a claim under section 1985, a plaintiff must show: (1) the

17 existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an

18 act in furtherance of the conspiracy; and (3) a resulting injury. See Addisu v. Fred Meyer,

19 Inc., 198 F.3d 1130, 1141, (9th Cir. 2000) (citations omitted). In order to show that the

20 conspiracy was meant to deprive the plaintiff of equal protection of the laws, a plaintiff must

21 show "some racial[ly] . . . invidiously discriminatory animus behind the conspirators' action.

22 The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights

23 secured by the law to all." Griffin v. Breckenridge, 403 U.S. 99, 102 (1971).

24    As is the case with Plaintiff's section 1981 claims, not even the inference of an

25 allegation of race-based discrimination exists here. Thus, Plaintiff's section 1985 claims

26 must be dismissed.

1  **5. Fourteenth Amendment Claim**

2      "Because the [Fourteenth] Amendment is directed at the States, it can be violated

3  only by conduct that may be fairly characterized as 'state action.' " Lugar v. Edmondson

4  Oil Co., Inc., 457 U.S. 922, 924 (1982); see also Lee v. Katz, 276 F.3d 550, 553 (9th Cir.

5  2002).  Private conduct may be construed as "state action" where it is found that "there is

6  such a 'close nexus between the State and the challenged action' that seemingly private

7  behavior 'may be fairly treated as that of the State itself.' " Lee, 276 F.3d at 553 (quoting

8  Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n., 531 U.S. 288, 295 (2001)).

9      In this case, Plaintiff has not named a government entity as a defendant; therefore,

10 the viability of her Fourteenth Amendment claims depends on whether private conduct can

11 fairly be characterized as "state action."  Here, however, Plaintiff makes no allegations of

12 a conspiracy or nexus between the only state actor mentioned, Garcia, and any of the

13 named defendants, nor can such an inference be drawn.  (See Compl. (#3), Count III.)

14 Plaintiff's claim that Garcia's ruling in favor of Gallagher was "discrimination" is simply

15 insufficient to suggest a conspiracy involving the State, see p. 3-5 supra, let alone a "close

16 nexus between the State and the challenged action."   Thus, Plaintiff's Fourteenth

17 Amendment claim must be dismissed.

18                    **III. CONCLUSION**

19      For the foregoing reasons, Plaintiff's motion (#40) is GRANTED.

20      IT IS FURTHER ORDERED that Defendants' motions (#19), (#20), and (#23) are

21 GRANTED.

22      IT IS FURTHER ORDERED that Defendants' motions (#36) and (#38) are DENIED

23 as moot.

24      IT IS SO ORDERED.

25      Dated this 9th day of July, 2007.

26                                          _____
                                                United States District Judge

9